QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Tigran Guledjian (Bar No. 207613)
  tigranguledjian@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

  Lauren Hudson (Bar No. 307731)
  laurenhudson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

*Attorneys for DAIMLER AG*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG,<br><br>           Plaintiff,<br><br>     vs.<br><br>AMAZON.COM, INC.,<br><br>           Defendant. | CASE NO. 17-cv-7674<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daimler AG ("Daimler"), by counsel, hereby files this Complaint for Trademark Infringement ("Complaint") against Defendant Amazon.com, Inc. ("Amazon"), and states as follows:

## NATURE OF THE ACTION

1.     This is a civil action for (i) direct trademark infringement of Daimler's federally-registered trademarks in violation of Section 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; (ii) direct counterfeiting of Daimler's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); (iii) unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and (iv) related state and common law claims, arising from Amazon's unauthorized use of Daimler's trademarks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of unlicensed, infringing, and/or counterfeit versions of Daimler's Mercedes-Benz wheel center caps.

2.     Although Amazon has received significant negative publicity for its facilitation of rampant infringement of intellectual property rights by third parties in the Amazon Marketplace, the sales at issue in this case are not merely third party sales that are facilitated by Amazon in the Amazon Marketplace; rather the sales at issue are infringing products that are "shipped from and sold by Amazon.com." Despite Daimler's and other brand owners' extensive lobbying of Amazon to respect their intellectual property rights and the reputations of their brands, Amazon refuses to take reasonable steps to police intellectual property infringement or to source their "shipped from and sold by Amazon.com" products only from authorized manufacturers, wholesalers, and retailers.

3.     As a result of Amazon's infringing activity, Daimler seeks a declaratory judgment of infringement, permanent injunctive relief, and the recovery of actual damages, Defendant's profits, trebled damages, statutory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

4.     Plaintiff Daimler is a German corporation with its principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.  Daimler is a global producer of premier luxury passenger automotive vehicles and parts, including wheel center caps or hubs.  Daimler is the owner of the federally-registered trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

5.     Upon information and belief, Defendant Amazon is a Delaware corporation, with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109.  Amazon is an online retail outlet that sells consumer products, computing services, and digital content.

## JURISDICTION AND VENUE

6.     This action arises under federal trademark laws, 35 U.S.C. §§ 1051 *et seq.*, and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

7.     This Court has personal jurisdiction over Amazon because Amazon markets, distributes and/or sells infringing products throughout the United States, including to customers within this judicial district.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Amazon conducts, transacts and/or solicits business in this judicial district, such that its contacts with this district subject it to personal jurisdiction with respect to this action and, upon information and belief, a substantial part of the events or omissions giving rise to Daimler's claims, specifically the infringement of Daimler's trademarks, has occurred, and continues to occur in this judicial district, causing damage to Daimler in this judicial district.

## BACKGROUND

### Daimler's Trademark Rights

9.      Daimler is a world-renowned designer and manufacturer of premier luxury passenger automotive vehicles and parts, including wheel center caps.  Since 1886, Daimler and/or its predecessors in interest have designed and manufactured high-quality vehicles and, since 1926, have produced and sold worldwide, including in the United States through its wholly-owned United States subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand.  The Mercedes-Benz brand signifies supreme excellence in products, technology, and services.  For over 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide.  In 2017, Forbes ranked the Mercedes-Benz brand 17th among the world's most valuable brands.[1]

10.      Daimler has protected its exclusive and innovative brand, designs, and technologies with a wide range of intellectual property rights.  At least as early as 1926, Daimler and/or its predecessors in interest have continuously and extensively employed the Mercedes-Benz logo—an encircled three-pointed star—in connection with advertising and selling its luxury brand of automobiles, on authorized automobile parts and accessories, and in connection with authorized services.  Today, the Mercedes-Benz logo is one of the most recognized logos worldwide.[2]

11.      Daimler owns all rights, title and interest in U.S. Trademark Registration Nos. 661,311; 789,670; 1,377,179; 3,614,891; and 4,423,458, which are logo or design trademarks for Mercedes-Benz goods including automobiles,

[1] *Forbes*, The World's Most Powerful Brands, *available at* https://www.forbes.com/powerful-brands/list/#tab:rank/ (last accessed Oct. 18, 2017).

[2] Maria Cohn & Morgen Bromwell, The 50 Most Iconic Brand Logos of all Time, *Complex* (Mar. 7, 2013), *available at* http://www.complex.com/style/2013/03/the-50-most-iconic-brand-logos-of-all-time/mercedes-benz (last accessed Oct. 18, 2017).

motor trucks, and parts thereof (the "Mercedes-Benz Marks"). True and correct copies of the registration certificate, renewal notice, and abstracts of title for the Mercedes-Benz Marks are attached hereto as **Exhibits A-M** and incorporated herein by reference. The Mercedes-Benz Marks were registered with the U.S. Patent and Trademark Office ("USPTO") on May 6, 1958 (No. 661,311); May 18, 1965 (No. 789,670), January 7, 1986 (No. 1,377,179), May 5, 2009 (No. 3,614,891), and October 29, 2013 (No. 4,423,458), and are currently in force.



**U.S. Reg. No. 661,311**
**Registered May 6, 1958**



**U.S. Reg. No. 789,670**
**Registered May 18, 1965**



**U.S. Reg. No. 1,377,179**
**Registered January 7, 1986**



**U.S. Reg. No. 3,614,891**
**Registered May 5, 2009**



**U.S. Reg. No. 4,423,458**
**Registered October 29, 2013**

12.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates for the Mercedes-Benz Marks are *prima facie* evidence of the validity of the Mercedes-Benz Marks.

13.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, three of the Mercedes-Benz Marks (U.S. Reg. Nos. 661,311, 789,670 and 1,377,179) have become incontestable.   Copies of the USPTO Trademark Status and Document Retrieval (TSDR) status page showing acknowledgment of Incontestability under Section 15 for U.S. Reg. Nos. 661,311, 789,670 and 1,377,179 are attached hereto as **Exhibits C, F,** and **I** and incorporated herein by reference.   Based on their incontestability under Section 15 of the Lanham Act, 15 U.S.C. § 1065, the federal registration of these marks is conclusive evidence of Daimler's exclusive right to use these marks in commerce in connection with automobiles, motor trucks, and parts thereof.

14.     Daimler through its subsidiaries has used its marks continuously and conspicuously for over 50 years, and has spent billions of dollars in advertising associated with the Mercedes-Benz Marks across the United States.   As a result of Daimler's substantial investment in and use of these Marks, the Mercedes-Benz Marks have become famous and/or well-known among U.S. purchasers of motor vehicles and wheels, as well as among the general U.S. public.

15.     To create and maintain goodwill among its customers, Daimler and its subsidiaries and/or licensees have taken significant steps to assure that all products and services bearing the Mercedes-Benz Marks are of the highest quality.   The Mercedes-Benz Marks are extremely valuable to Daimler because consumers purchase Mercedes-Benz vehicles and parts based on the goodwill and quality that these Marks signify.

16.     Daimler's use of the Mercedes-Benz Marks in commerce began prior to Amazon's use of the Marks.

-5-

17.    The Mercedes-Benz Marks became famous prior to Amazon's use of the Marks.

18.    Daimler has never authorized or consented to Amazon's use of the Mercedes-Benz Marks, or any confusingly similar marks, on vehicle parts. Moreover, Daimler has never authorized Amazon to copy, manufacture, import, market, sell or distribute any vehicle parts bearing the Mercedes-Benz Marks.

**Amazon's Business Model**

19.    Amazon is the world's largest internet-based retailer by total sales and market capitalization, with revenues of $136 billion in 2016, a 27% jump from its 2015 revenues.[3]  Through its websites, www.amazon.com, smile.amazon.com, and others, Amazon sells products worldwide, including in all 50 states.  Amazon offers more than 350 million products to consumers, of which Amazon itself directly sells over 12 million products.[4]

20.    Amazon offers a marketplace platform for over two million manufacturers, wholesalers and retailers, as well as other third-party sellers worldwide to import, export, advertise, distribute, offer for sale, sell, and ship their wholesale and retail products.  In more than 100 countries, Amazon also offers third party sellers its "Fulfillment by Amazon" service, which allows third party sellers to store their products in fulfillment centers for shipment to customers by Amazon.

21.    Amazon also develops, advertises, distributes, offers for sale, sells, and ships products designated in the product listing as "Ships from and sold by Amazon.com."  Some of these "Ships from and sold by Amazon.com" products are

---

[3]  Eugene Kim, Amazon sinks on revenue miss, *Business Insider UK* (Feb. 2, 2017), *available at* http://www.businessinsider.com/amazon-earnings-q4-2016-2017-2 (last accessed Oct. 18, 2017).

[4]  Paul Ausick, Is Amazon Doing Enough to Combat Counterfeit Product Sales?, *24/7 Wall St.* (Mar. 2, 2017), *available at* http://247wallst.com/retail/2017/03/02/is-amazon-doing-enough-to-combat-counterfeit-product-sales/ (last accessed Oct. 18, 2017).

Amazon brand products (*e.g.*, Amazon Kindle, Amazon Fire).  Other "Ships from and sold by Amazon.com" products are products that Amazon purchases from manufacturers, wholesalers, and brand owners pursuant to vendor agreements, which Amazon then imports, exports, advertises, distributes, offers for sale, sells, and ships directly to consumers.

22.    Amazon lists each "Ships from and sold by Amazon.com" product on a product detail page, where customers may find information about a product offered for sale on Amazon's websites.  The product detail page includes, among other information, an image of the product, a price, a description of the product, customer reviews, ordering options, and a designation of the individual(s) or company(ies) selling and shipping the product (which, in the case of "Ships from and sold by Amazon.com" products, is Amazon).

**Amazon's Infringing Conduct**

23.    Amazon sells and/or facilitates the sale of an exorbitant number of counterfeit and infringing goods, as highlighted by recent press coverage[5] and

_____

[5]    *See, e.g.*, Wade Shepard, "How Amazon's Wooing of Chinese Sellers is Hurting American Innovation," *Forbes* (Feb. 14, 2017), *available at* https://www.forbes.com/sites/wadeshepard/2017/02/14/how-amazons-wooing-of-chinese-sellers-is-hurting-american-innovation/#419e95ab1df2 (last accessed Oct. 18, 2017); Wade Shepard, "How Chinese Counterfeiters Continue Beating Amazon," *Forbes* (Jan. 12, 2017), *available at* https://www.forbes.com/sites/wadeshepard/2017/01/12/why-amazon-is-losing-its-battle-against-chinese-counterfeiters/#67043aa6585c (last accessed Oct. 18, 2017); Ari Levy, "Amazon Counterfeiters Wreak Havoc on Artists and Small Businesses," *CNBC* (May 25, 2016), *available at* http://www.cnbc.com/2016/05/25/amazon-counterfeiters-wreak-havoc-on-artists-and-small-businesses.html (last accessed Oct. 18, 2017); Eugene Kim, "Hundreds of Frustrated Sellers Grilled an Amazon Exec Over Chinese Counterfeit Products," *Business Insider* (July 8, 2016), *available at* http://www.businessinsider.com/amazon-chinese-counterfeit-problem-2016-7 (last accessed Oct. 18, 2017).

COMPLAINT FOR TRADEMARK INFRINGEMENT

lawsuits filed against Amazon and/or its sellers.[6]   For example, The Counterfeit Report, a consumer advocacy organization, reports that it sent over 32,000 notices of infringing items to Amazon, and many of these items remain listed despite repeated complaints.[7]   News articles documenting the proliferation of counterfeit goods on Amazon's websites have noted that Amazon "opens the door for masses of counterfeiters and scammers to exploit the system at the expense of legitimate brands and customers alike" and that many innovative brands have been "severely adversely impacted by counterfeiters on Amazon."[8]

24.   Because of the "lack of effective regulation" on Amazon.com, "copycats with access to very nimble manufacturing capabilities are able to rapidly duplicate [] products and put them right out on the Amazon marketplace, eventually displacing the sales volume of the originals."[9]   But the damage of counterfeits is not

---

[6]   *See, e.g.*, Eric Goldman, "Is Amazon Liable for IP Violations by its Marketplace Vendors?," *Forbes* (July 23, 2015), *available at* https://www.forbes.com/sites/ericgoldman/2015/07/23/is-amazon-liable-for-ip-violations-by-its-marketplace-vendors/#197d81ee508a (last accessed Oct. 18, 2017); Wadi Reformado, "Chanel alleges Amazon sellers offer counterfeit products," *Florida Record* (Feb. 21, 2017), *available at* https://flarecord.com/stories/511083677-chanel-alleges-amazon-sellers-offer-counterfeit-products (last accessed Oct. 18, 2017).

[7]   Paul Ausick, "Is Amazon Doing Enough to Combat Counterfeit Product Sales?," *24/7 Wall St.* (Mar. 2, 2017), *available at* http://247wallst.com/retail/2017/03/02/is-amazon-doing-enough-to-combat-counterfeit-product-sales/ (last accessed Oct. 18, 2017).

[8]   Wade Shepard, "How Amazon's Wooing of Chinese Sellers is Hurting American Innovation," *Forbes* (Feb. 14, 2017), *available at* https://www.forbes.com/sites/wadeshepard/2017/02/14/how-amazons-wooing-of-chinese-sellers-is-hurting-american-innovation/#419e95ab1df2 (last accessed Oct. 18, 2017).

[9]   *Id.*

---

just limited to losing revenue, it "is also a matter of sacrificing [a] brand's reputation."[10]

25.   Although much of the negative publicity surrounding infringement Amazon has received concerns counterfeit articles sold by third parties through the Amazon Marketplace, Amazon itself also sells infringing items as "Ships from and sold by Amazon.com" products.   Amazon's sale of these infringing products is especially troubling because many consumers purchase "Ships from and sold by Amazon.com" goods to *avoid* the risk that they will unwittingly purchase counterfeit goods from unscrupulous third parties in the Amazon Marketplace, believing that items they purchase from Amazon will be vetted by Amazon and authentic.   Indeed, a primary complaint about Amazon's Marketplace is that counterfeit products "often appear right next to authentic items, *conveying Amazon's implied endorsement and creating the illusion they are from Amazon itself*."[11]   Consumers trust Amazon: In 2016, *Fortune* announced that Amazon is the most "trustworthy" company among U.S. adults and for the third year in a row it was ranked as the "most reputable" American company by the Reputation Institute, as reported by *Forbes*.[12]

26.   As a result of the excessive counterfeiting and infringing activities on Amazon.com, some brand owners, including the National Football League, Johnson

---

[10]   *Id.*

[11]   Paul Ausick, "Is Amazon Doing Enough to Combat Counterfeit Product Sales?," *24/7 Wall St.* (Mar. 2, 2017) (emphasis added), *available at* http://247wallst.com/retail/2017/03/02/is-amazon-doing-enough-to-combat-counterfeit-product-sales/ (last accessed Oct. 18, 2017).

[12]   Aaron Task, "Americans Don't Just Shop on Amazon, They Also Admire and Trust It Too," *Fortune* (June 7, 2016), *available at* http://fortune.com/2016/06/07/fortune-500-amazon-survey-monkey-poll/ (last accessed Oct. 18, 2017); Karsten Strauss, "America's Most Reputable Companies, 2016: Amazon Tops The List," Forbes (Mar. 29, 2016), *available at* http://www.forbes.com/sites/karstenstrauss/2016/03/29/americas-most-reputable-companies-2016-amazon-tops-the-list/#4ad632881c58 (last accessed Oct. 18, 2017).

& Johnson, and Birkenstock banned the sale of their products on Amazon's website entirely.[13]

27.     Although Amazon has a nominal "Anti-Counterfeiting Policy" as well as infringement reporting forms and procedures, it has failed to curb the growing number of counterfeit and/or infringing products that are still being imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold by Amazon and/or otherwise through Amazon's websites.

28.     Amazon's "Anti-Counterfeiting Policy" states in relevant part: "Customers trust that they can always buy with confidence on Amazon.com. *Products offered for sale on Amazon.com must be authentic.* The sale of counterfeit products, including any products that have been illegally replicated, reproduced, or manufactured, is strictly prohibited . . . ."[14] Pursuant to Amazon's infringement reporting form and procedures, rights holders may report counterfeits and/or infringements found on the Amazon websites using a Report Infringement form. Amazon then considers these reports on a case-by-case basis, and may remove the counterfeit and/or infringing product, or a specific listing, from the Amazon websites ("Amazon Reporting System").

29.     As explained in a *Forbes* article detailing the devastating effect that Amazon counterfeiters had on one entrepreneur's t-shirt business, however, Amazon's method of dealing with infringement is heavily automated and

_____

[13]  *See* Ari Levy, "Birkenstock quits Amazon in US after counterfeit surge," *CNBC* (July 20, 2016) ("Plagued by counterfeits and unauthorized selling on [Amazon], the sandals company will not longer supply products to Amazon in the U.S. . . ."), *available at* http://www.cnbc.com/2016/07/20/birkenstock-quits-amazon-in-us-after-counterfeit-surge.html (last accessed Oct. 18, 2017).

[14]  Amazon Anti-Counterfeiting Policy (emphasis added), *available at* https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=20116 6010 (last accessed Oct. 18, 2017).

COMPLAINT FOR TRADEMARK INFRINGEMENT

ineffective.[15]   According to *Forbes*, "Amazon's general protocol for dealing with sellers who claim that their items have been counterfeited is for the sellers themselves to buy the counterfeiter's products to confirm their inauthenticity," and then send the offending and original items to Amazon, which can be "both time consuming and expensive for legitimate sellers."[16]   And even after brand owners make this "tedious endeavor" to report infringing products, it is often futile because new infringing items "will inevitably pop up shortly thereafter."[17]

30.   Notably, Amazon's actions with respect to products that infringe intellectual property rights are entirely *post-hoc*.  Amazon currently does not have in place a system for *preventing* infringement, and only has minimal processes in place for *detecting* infringement, which put the onus on the rights-holder, rather than Amazon, to detect infringement.

### Amazon's Infringement of the Mercedes-Benz Marks Through Its Sale of "Ships from and Sold by Amazon.com" Wheel Center Caps

31.   Amazon has infringed and continues to infringe Daimler's trademarks by selling infringing wheel center caps that bear the Mercedes-Benz Marks ("Infringing Products").  Amazon specifically designates these Infringing Products as "Ships from and sold by Amazon.com" products.  Amazon offers at least the following Infringing Products on its website:

     a.   Otis LA 550166C Mercedes Wheel Center Cap, Chrome

     b.   Otis LA 550166B Mercedes Wheel Center Cap, Gloss Black

---

[15]   Wade Shepard, "How Amazon's Wooing of Chinese Sellers is Hurting American Innovation," *Forbes* (Feb. 14, 2017), *available at* https://www.forbes.com/sites/wadeshepard/2017/02/14/how-amazons-wooing-of-chinese-sellers-is-hurting-american-innovation/#419e95ab1df2 (last accessed Oct. 18, 2017).

[16]   *Id.*

[17]   *Id.*

c.     Otis LA 550166S Mercedes Wheel Center Cap, Silver

32.     Screenshots of the product detail pages through which Amazon sells the Infringing Products are attached hereto as **Exhibit N** (last accessed on Oct. 18, 2017) and incorporated by reference herein.   An excerpt, highlighting that the Infringing Products are "Ships from and Sold by Amazon.com" products is reprinted below:



33.     In August and October 2016, Daimler purchased a set of four of each of the three color versions of the Infringing Products through Amazon's corresponding product detail pages (*see* **Exs. O-Q**).   These purchases were shipped from Amazon Fulfillment Services at (1) 100 Thomas P Echols Lane, Suite 3, Shepherdsville, Kentucky 40165; (2) 3837 Bay Lake Trail, Suite 115, North Las Vegas, Nevada 89030; and (3) 172 Trade Street, Lexington, Kentucky 40511.   Amazon shipped the purchased Infringing Products to an address within this judicial district.

34.     The Infringing Products contain the Mercedes-Benz Marks—the encircled three-pointed star—as demonstrated by photographs of the purchased wheel center caps, attached hereto as **Exhibits O-Q** and incorporated by reference

COMPLAINT FOR TRADEMARK INFRINGEMENT

herein, and the corresponding Amazon product detail pages (see **Ex. N**). A photo of one of the Infringing Products is reproduced below next to a photo of a genuine Mercedes-Benz wheel center cap:



**Genuine Mercedes-Benz Wheel Center Cap**



**Infringing Product Purchased from Amazon**

35.    Daimler inspected all center wheel caps purchased and received from Amazon to confirm that they are not genuine products manufactured or authorized by Daimler, its subsidiaries, or licensees. The inspection of the purchased items confirmed that the items Amazon advertised, sold, and shipped were in fact not Daimler-authorized or Daimler-manufactured products.

36.    Rather, the Infringing Products appear to be manufactured by Otis Inc. LA ("Otis LA"), which has its principal place of business at 4712 Admiralty Way, Suite 429, Marina del Rey, California 90292, within this judicial district. Otis LA is not an authorized licensee of the Mercedes-Benz Marks and has previously been the subject of intellectual property enforcement investigations and enforcement activities by Daimler and its subsidiaries.

37.    The Infringing Products have various characteristics that reveal they are non-genuine knock-offs or counterfeits of authentic Mercedes-Benz wheel center caps. For example, the chrome version of the Infringing Products is chrome on the backside whereas the genuine version is chrome only on the front because Daimler engineers found during design and manufacture that having a chrome backside

yielded an unreliable finish.  Furthermore, the markings on the backside of genuine center caps and the Infringing Products differ.

38.     Moreover, the non-genuine nature of the Infringing Products is evidenced by a comparison of the Otis LA Mercedes-Benz wheel center caps Otis LA sells on another online retailer, eBay, with the Otis LA Mercedes-Benz wheel center caps Amazon sells as "Shipped from and sold by Amazon.com" products. On eBay, the majority of Otis LA's offers state that the center caps are "custom painted" versions, contain disclaiming language and a notice that they are original equipment, and are priced at approximately 99.00 US$ per set of four wheel center caps.  In contrast, the Otis LA products that Amazon offers do not include any such reference to "custom paint" and/or original equipment, and are priced much lower at around 30 to 40 US$ per set.  This indicates that Otis LA may have a legitimate set of products on eBay and another, illegitimate, set of knock-offs or counterfeits it sells to Amazon for resale.  **Exhibit R**, incorporated by reference herein, shows screenshots of offers for sale for Otis LA Mercedes-Benz wheel center caps on eBay.

39.     Amazon's sale of the Infringing Products causes significant damage to Daimler.  For example, sales of the Infringing Products (1) decrease sales of authentic Mercedes-Benz wheel center caps; and (2) tarnish Daimler's reputation for quality and excellence.

40.     The Infringing Products are of substantially inferior quality than authentic Daimler wheel center caps.  Consumers who have purchased these Infringing Products have left negative reviews or comments about these products, thereby driving down sales of authentic Mercedes-Benz wheel center caps, as well as affecting the performance standards for all sellers.  Attached as **Exhibit S** hereto and incorporated by reference herein are some of the negative reviews or comments left by purchasers of the Infringing Products on Amazon's websites.  For example,

one verified purchaser left the following review on September 13, 2016, giving the Infringing Products two out of five stars:

> Poor quality product.
>
> Snapped 1 just placing it into the hub (glued it for now), the MB emblem broke on another while placing it in hub. They look cool, but I'm very unhappy how cheaply they're constructed.

41. On May 26, 2017, another verified purchaser left a one-star review, complaining: "tinted yellow after two weeks.  In about a week or two the cap tinted yellow, pretty disappointed in it."

42. On March 29, 2017, another dissatisfied verified one-star reviewer stated:  "CHEAP PLASTIC!!!  STAY AWAY!!!  Worst item I've ever bought off Amazon.  Cheap, thin plastic breaks easily.  I had to glue them into place.  DON'T WASTE YOUR TIME WITH THIS JUNK!!!!!!"

43. Still another verified purchaser left the following one-star review on September 11, 2016:

> Garbage!!  They do not center up properly in …
>
> Garbage!!  They do not center up properly in the center bore of the wheel.  The three tabs that retain the spring are thin and break easily if you attempt to properly center them in the bore.  Please avoid this poorly made product. I checked the reviews in advance, so I didn't expect too much, but I expected to be able to at least use them for some time.  So Shame on me.
>
> Garbage !!! If you own a Mercedes and think these caps rate anymore than one star, you should trade and go buy a Chevette or Yugo!

-15-

44.     Amazon has actual knowledge of Daimler's use of and rights in the Mercedes-Benz Marks.  Through its product detail pages for the Infringing Products (*see* **Ex. N**), Amazon is willfully infringing upon Daimler's rights in the Mercedes-Benz Marks in order to capitalize upon and profit from Daimler's reputation and goodwill.

45.     On numerous occasions, Daimler has notified Amazon that it is infringing Daimler's intellectual property rights and causing significant harm to Daimler.  However, Amazon has done little to address these issues, despite having the knowledge, opportunity, and means to do so.

46.     For example, Amazon has repeatedly claimed that it is not responsible for the infringing activities of its third party sellers in the Amazon Marketplace and that any infringement can be addressed through Amazon's infringement reporting form and procedures.  But this ignores that (1) Amazon is *itself* selling infringing products with respect to Infringing Products that it sells as "Ships from and sold by Amazon.com" and (2) Amazon could establish processes that would better *detect and deter* infringement, rather than simply respond to infringement on a post-hoc, case-by-case basis, yet Amazon chooses not to do so.  As of the date of this Complaint, Amazon has not instituted any sufficient solutions to Daimler's infringement concerns, and has refused any commitment to install such solutions.

47.     As a result of Amazon's unlawful infringing activities, Daimler has suffered irreparable harm, and, unless this Court enjoins Amazon, will continue to suffer irreparable harm for which there is no adequate remedy at law.

### CAUSES OF ACTION

### COUNT I

### Trademark Infringement under Sections 32, 34, and 35 of the Lanham Act
### (§§ 1114(a), (1)(b), 1116(d), and 1117(b)-(c))

48.     Daimler realleges and incorporates by reference the allegations set forth above.

49.    Amazon has used and/or is continuing to use the Mercedes-Benz Marks in connection with advertisement, promotion, and/or sale of the Infringing Products without authorization or license to do so.

50.    Without Daimler's authorization or consent, with knowledge of Daimler's well-known and prior rights in the Mercedes-Benz Marks, and with knowledge that Amazon's Infringing Products bear counterfeit marks, Amazon intentionally reproduced, copied, and/or colorably imitated Daimler's Mercedes-Benz Marks and/or used spurious designations that are identical with, or substantially indistinguishable, from one or more of Daimler's Mercedes-Benz Marks on or in connection with the import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Products.

51.    Amazon's actions constitute willful infringement of Daimler's Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

52.    Amazon's use of the Mercedes-Benz Marks has caused, and is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of the Infringing Products, and is likely to deceive consumers, the public, and the trade into believing that the Infringing Products originate from, are associated with, or are otherwise authorized by Daimler, in violation of 15 U.S.C. § 1114(a).

53.    As a result of Amazon's infringing activities, Daimler has suffered and/or is likely to suffer actual monetary damages, while Amazon has been and continues to be unjustly enriched.

54.    As a direct and proximate result of Amazon's infringing actions alleged herein, Amazon has caused substantial monetary loss and irreparable injury and damage to Daimler, its business, reputation, and valuable rights in and to the Mercedes-Benz Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Daimler has no adequate

remedy at law, and unless immediately enjoined, Amazon will continue to cause such substantial and irreparable injury, loss, and damage to Daimler and its valuable Marks.

55.     Amazon's infringement of the Mercedes-Benz Marks has been and remains intentional and knowing, entitling Daimler to treble the actual damages and an award of attorneys' fees under 35 U.S.C. § 1117.

56.     Each and every separate act of federal trademark infringement by Amazon constitutes a separate claim herewith.

**COUNT II**

**Trademark Dilution under Section 43(c) of the Lanham Act**

**(15 U.S.C. § 1125(c))**

57.     Daimler realleges and incorporates by reference the allegations set forth above.

58.     The Mercedes-Benz Marks are distinctive and famous, and have been since prior to Amazon's unauthorized use of the Marks.

59.     The Mercedes-Benz Marks have powerful consumer associations such that even non-competing uses can impair their value.

60.     Amazon's infringing activities have diluted the distinctive quality of the Mercedes-Benz Marks in violation of 15 U.S.C. § 1125(c).

61.     Amazon willfully intended to trade on Daimler's reputation or cause dilution of the Mercedes-Benz Marks, and continues to do so, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

62.     Each and every separate act of federal trademark infringement by Amazon constitutes a separate claim herewith.

## COUNT III

## Unfair Competition under Section 43(a) of the Lanham Act

## (15 U.S.C. § 1125(a))

63.     Daimler realleges and incorporates by reference the allegations set forth above.

64.     Amazon's unauthorized use of the Mercedes-Benz Marks in interstate commerce wrongly and falsely designates, describes, or represents the Infringing Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Infringing Products with Daimler, or as to the sponsorship or approval of this product by Daimler.

65.     Amazon's actions therefore violate Daimler's rights in its distinctive Mercedes-Benz Marks in violation of 15 U.S.C. § 1125(a).

66.     Amazon's conduct with respect to the Mercedes-Benz Marks has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Amazon, for which there is no adequate remedy at law.

## COUNT IV

## Common Law Unfair Competition/Trademark Infringement

67.     Daimler realleges and incorporates by reference the allegations set forth above.

68.     Amazon's unauthorized use of the Mercedes-Benz Marks constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Daimler of the wheel center caps.  Consumers are, for example, likely to believe that the Infringing Products that Amazon advertises and/or sells originate with Daimler, are licensed by Daimler, and/or are sponsored by, connected with, or related to Daimler.

69.     Amazon's infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Amazon's actions with respect to the Mercedes-Benz Marks have caused and will continue to cause serious and irreparable injury to Daimler, unless enjoined by this Court, including within this State, for which it has no adequate remedy at law.

## COUNT V

## Trademark Infringement under California Trademark Law

## (Cal. Bus. & Prof. Code §§ 14200 *et seq.*)

70.     Daimler realleges and incorporates by reference the allegations set forth above.

71.     The Mercedes-Benz Marks are distinctive and famous in California, as well as throughout the United States, and have been since prior to Amazon's unauthorized use of the Marks.

72.     The Mercedes-Benz Marks have powerful consumer associations such that even non-competing uses can impair their value.

73.     Amazon's infringing activities have diluted the distinctive quality of the Mercedes-Benz Marks in violation of California trademark law under Cal. Bus. & Prof. Code §§ 14200 *et seq.*

74.     Amazon willfully intended to trade on Daimler's reputation or cause dilution of the Mercedes-Benz Marks, entitling Daimler to damages, extraordinary damages, fees and costs as set forth in Cal. Bus. & Prof. Code § 14250, pursuant to § 14245.

## COUNT VI

## Violation of California Consumer Protection Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

75.     Daimler realleges and incorporates by reference the allegations set forth above.

76.     Amazon's unauthorized use of the Mercedes-Benz Marks wrongly and falsely designates, describes, or represents the Infringing Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Infringing Products with Daimler, or as to the sponsorship or approval of this product by Daimler.

77.     Amazon's actions as detailed above violate Daimler's rights in its distinctive Mercedes-Benz Marks and constitute unlawful, unfair, or fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

78.     Amazon's conduct with respect to the Mercedes-Benz Marks has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, while unjustly enriching Amazon, for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Daimler prays for the following relief:

1.     Entry of a judgment that Amazon has infringed the Mercedes-Benz Marks in violation of Daimler's rights under 15 U.S.C. § 1114 and under common law.

2.     Entry of a judgment that Amazon has competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

3.     Entry of a judgment that Amazon has violated Cal. Bus. & Prof. Code §§ 14200 *et seq.* and §§ 17200 *et seq.*;

4.     Entry of an order directing Amazon to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Amazon's unlawful acts;

5.     Entry of a judgment against Amazon for monetary damages in an amount to be proven at trial, including but not limited to, statutory damages and/or

all amounts necessary to compensate Daimler for Amazon's wrongful use of the Mercedes-Benz Marks, including reasonable attorneys' fees and costs;

6.      Entry of a judgment against Amazon for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Amazon's unlawful acts alleged herein with respect to the Mercedes-Benz Marks, said award to equal at least treble Amazon's actual damages under 15 U.S.C. § 1117; and

7.      Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Daimler respectfully demands trial by jury on all issues raised by this Complaint.

Dated:  October 20, 2017

By  _____

John B. Quinn
Tigran Guledjian
Valerie Roddy
Lauren Hudson

*Attorneys for Plaintiff Daimler AG*

COMPLAINT FOR TRADEMARK INFRINGEMENT